UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel*. LARRY D. HOWARD, M.D., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 1:03-CV-41 |
| LIFE CARE CENTERS OF AMERICA, INC. and LIFE CARE CENTERS OF AMERICA, INC. d/b/a LIFE CARE OF MISSIONARY RIDGE, | ) ) ) ) ) | Judge Curtis L. Collier |
| Defendants. | ) ) | |

## **M E M O R A N D U M**

Before the Court is a Motion to Dismiss (Court File No. 11) filed by Defendants Life Care Centers of America, Inc. and Life Care Centers of America, Inc. d/b/a Life Care of Missionary Ridge (collectively "Life Care"). Life Care filed a memorandum in support of its motion (Court File No. 12) and a supplemental attachment to its memorandum (Court File No. 13). Plaintiff United States of America *ex rel*. Larry D. Howard, M.D. ("Plaintiff") filed a memorandum in opposition (Court File No. 14).

Life Care contends Plaintiff's complaint should be dismissed because (1) Plaintiff has failed to execute service of process in a timely manner under Federal Rule of Civil Procedure 4(m); (2) Plaintiff has not pled fraud with particularity as required by Federal Rule of Civil Procedure Rule 9(b); and (3) Plaintiff's claims are barred by the doctrine of *res judicata* (Court File No. 11). Further, Life Care requests the Court to award reasonable attorneys' fees and expenses pursuant to 31 U.S.C.

§ 3730(d)(4) (*Id.*). For the following reasons, the Court will **GRANT** Life Care's motion based on Plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m).[1]

I. <u>**RELEVANT PROCEDURAL HISTORY**</u>

On February 5, 2003, Plaintiff filed a Complaint in *Qui Tam* in this Court asserting a retaliatory discharge claim under Tenn. Code Ann. § 50-1-304 (Court File No. 1 at ¶¶ 19-20) and claiming Life Care "knowingly and willfully defrauded the United States of America in violation of the Social Security Act and 42 U.S.C. § [1320a-7(a)]" (*Id.* at ¶ 22).[2]

On June 24, 2004, the United States declined to intervene in Plaintiff's case (Court File No. 6). Then, on July 22, 2004 the Court ordered the complaint to be unsealed and served upon Life Care (Court File No. 7). A summons was issued for Life Care on March 31, 2005 and returned executed on April 11, 2005 (Court File Nos. 8, 9).

II. <u>**DISCUSSION**</u>

Life Care argues Plaintiff's complaint should be dismissed under Rule 12(b)(5) because service was untimely under Rule 4(m). *See* Fed. R. Civ. P. 12(b)(5). Rule 12(b)(5) of the Federal Rules of Civil Procedure provides a complaint may be dismissed for "insufficiency of service of process." *See Id.* Service of process is insufficient when a party has not complied with Rule 4(m) which governs the length of time permitted for service of process. Fed. R. Civ. P. 4(m). *See Turner*

---

[1] Since the Court concludes the case should be dismissed for a failure to comply with Rule 4(m), it will not address Life Care's other arguments for dismissal or Life Care's request for attorneys' fees.

[2] Plaintiff actually cites 42 U.S.C. § 13209-7(a) but there is no such statute.

2

Case 1:03-cv-00041 Document 17 Filed 10/20/05 Page 2 of 5 PageID #: 2

*v. City of Taylor*, 412 F.3d 629, 650 (affirming dismissal for failure to comply with the 120 day requirement in Rule 4(m)).

Rule 4(m) provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. ...

Fed. R. Civ. P. 4(m). Rule 4(m) has two distinct parts. One part of Rule 4(m) gives courts discretion to enlarge the 120-day period for good cause shown and even when good cause has not been shown. *Henderson v. United States*, 517 U.S. 654, 662 (1993); *Johnson v. Hayden*, 2000 WL 1234354, at *3, n. 3 (6th Cir. Aug. 24, 2000). The other part of Rule 4(m) allows courts to dismiss a complaint without prejudice if service of the summons and complaint has not been made within 120 days from the filing of the complaint.

In this case, Plaintiff has failed to show good cause.[3] Plaintiff responded to Life Care's motion to dismiss arguing *res judicata* should not apply. However, Plaintiff did not even mention Rule 4(m) or explain why he waited to serve Life Care more than eight months after he was ordered to do so by the Court. Thus, the Court concludes Plaintiff has not shown good cause to enlarge the 120 period. Further, although the Court has the discretion to enlarge the 120 day period when good cause has not been shown, it chooses not to do so in this case.

This case was brought pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*.

The FCA allows individuals to bring an action in federal district court, on behalf of the

---

[3] Good cause is shown when a plaintiff shows his "failure to act was the result of excusable neglect." *Turner*, 412 F.3d at 650 (citing Fed. R. Civ. P. 6(b)).

3

United States, alleging a third party has defrauded the federal government. *See* 31 U.S.C. § 3730(b). When the claim is filed, the government has the option to intervene and proceed with the action or to decline to take over the action thereby giving the person bringing the action the right to conduct the action. 31 U.S.C. § 3730(b)(2) & (b)(4)(B). A FCA complaint is filed *in camera* and maintained under seal for sixty days. 31 U.S.C. § 3730(b)(2). A copy of the complaint, along with "all material evidence and information the person possesses" is served upon the government under Rule 4(d)(4) of the Federal Rules of Civil Procedure.[4] *See Id.* A FCA defendant is not required to respond to a FCA complaint until "20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure." 31 U.S.C. § 3730 (b)(3). Once the complaint is unsealed, service must be made within 120 days to comply with Rule (4)(m) of the Federal Rules of Civil Procedure. *See United States ex rel. Gudur v. Texas Dep't of Health*, 2002 WL 511483, at * 1-2 (S.D. Tex. 2002) (starting 120 day time period in a *qui tam* action once complaint was unsealed); *Mills ex rel. United States v. State of N.Y.*, 2000 WL 863451, at * 1-2 (S.D.N.Y. 2000) (same); *United States v. Bruno's, Inc.*, 54 F.Supp. 2d 1252, 1253, 1259 (M.D. Ala. 1999) (same); *see also United States ex rel. Bowman v. Computer Learning Ctrs.*, 73 Fed. Appx. 735, 735 (5th Cir. 2003) (applying 120 requirement in a *qui tam* action). Here, Plaintiff was over four months late in serving the complaint and summons after the Court unsealed the complaint and ordered Plaintiff to serve Life Care. Accordingly, the Court will **DISMISS** Plaintiff's complaint.

### III.   SEALING OF DOCUMENTS

---

[4] Rule 4(d)(4) allows a plaintiff to file a waiver of service with the court which allows the action to proceed as if the summons and complaint had been served at the time of the filing the waiver. Fed. R. Civ. P. 4(d)(4).

4

The Court has already unsealed the complaint and the Notice of Election to Decline Intervention (*See* Court File No. 7). However, the Court has not unsealed the remaining documents in this case. Since the Court has unsealed the complaint and the Notice of Election to Decline Intervention, the Court believes there are no grounds to retain the remaining court files under seal. Accordingly, the Court will **UNSEAL** the contents of the Court's file in this case. *See United States Dep't of Def. v. CACI Int'l Inc.*, 885 F. Supp. 80, 81-82 (S.D.N.Y. 1995).

IV. **CONCLUSION**

Because the Court finds service was untimely under Rule 4(m), Life Care's motion to dismiss (Court File No. 11) will be **GRANTED**. Further, the Court will **UNSEAL** all contents of the Court's file in this case. Finally, the Court will direct the **CLERK** to **CLOSE** this case.

An Order shall enter.

                                                **/s/**
                                **CURTIS L. COLLIER**
                        **UNITED STATES DISTRICT JUDGE**